IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

FILED

AUG 2 1 2006

U.S. DISTRICT COURT
ELKINS WV 28241

AMERICAN SELECT INSURANCE COMPANY,

    Plaintiff,

v.                                                                                                                        Civil Action No. 2:05cv31
                                                                                                 Honorable Robert E. Maxwell

TIMOTHY MARK TAYLOR,

    Defendant.

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This declaratory judgment action was filed on April 18, 2005. Defendant, Timothy Mark Taylor, was properly served. Docket 2. Mr. Taylor has not appeared or answered the Complaint, and the Clerk entered his default, docket 4. American Select subsequently filed American Select Insurance Company's Motion for Summary Judgment and Default Judgment and its Memorandum in Support, docket 5.

The insurance coverage issue is whether the West Virginia auto insurance policy issued by Plaintiff, American Select Insurance Company, could cover Mr. Taylor's alleged liability based on ownership of an all-terrain vehicle (the ATV). After consideration of American Selection's motion and Mr. Taylor's failure to appear or otherwise defend this action, the Court is of the opinion that American Selection's motion, docket 5, should be **GRANTED** for the reasons set forth below.

### II. THE UNDISPUTED FACTS

1.     American Select submitted its West Virginia policy, Select Policy No. NSA 1784314, with its Complaint for Declaratory Relief, docket 1. It submitted the underlying Florida Complaint with its summary judgment motion, docket 5.

2. American issued its policy to Mr. Taylor, as a West Virginia resident, to insure his 1973 Jeep.

3. Mr. Taylor is believed to have been living in Florida when Donald Edward Roberts, Jr. died in a Florida all-terrain vehicle accident on August 21, 2002.

4. This action arises from the Florida wrongful death claim of Terry Roberts, Personal Representative of the Estate of Donald Edward Roberts, Jr., a Minor, Deceased, against Taylor. The Estate did not allege Taylor's involvement in the accident. Rather, it alleged Taylor's wrongful death liability based on his alleged ownership of an unregistered 1986 Honda ATV and his alleged failures to maintain the ATV, equip it with safety equipment, secure its ignition key, supervise its use by minors, bar its use by minors, and observe and monitor the decedent's use of it.

5. In relevant part, the policy provides coverage "for bodily injury or property damage for which an insured becomes legally liable because of an accident arising out of the ownership, maintenance or use of an automobile or trailer."

6. The policy defines an "automobile" as a "land motor vehicle of the private passenger, pick up or van type [... w]ith at least 4 loadbearing wheels; and [... w]ith a gross vehicle weight of less than 10,000 pounds; and [... [d]esigned mainly for use on public roads." It excludes coverage for "automobiles" owned by the insured but not insured under the policy. It requires the insured to cooperate with American Select in the investigation of a claim against the insured.

III. DEFAULT JUDGMENT AND SUMMARY JUDGMENT STANDARDS

The United States Court of Appeals for the Fourth Circuit favors resolution of disputes on their merits. *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir.1993) ( "strong policy that cases be decided on the merits."). Nonetheless, the Court may properly grant default judgment if the "adversary process has been halted because of an essentially unresponsive party." *SEC v.*

*Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005).

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, as the United States Supreme Court noted in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See also Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979) (summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law") (quoting *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 13 (4th Cir.1950)). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The material facts of this case are not in dispute for the purpose of ruling upon American Select's summary judgment motion. The sole issue is whether American Select has any duties to Mr. Taylor with respect to the claims arising from the August 21, 2002, ATV accident.

IV. DISCUSSION OF LAW

At issue is the applicability of American Select's policy's liability coverage to claims against

its insured. Mr. Taylor, the insured, was properly served, docket 2, but has been "essentially unresponsive" by failing to appear or respond to American Select's *Complaint for Declaratory Relief*. *Lawbaugh*, 359 F.Supp.2d at 421. Under the circumstances, a default judgment is appropriate. *Id.*

In this diversity action, the Court applies the forum state's choice of law rules. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). For contract issues when the contract specifies no choice of law, West Virginia applies the law of the state where the contract was made and is to be performed. *Lee v. Saliga*, 373 S.E.2d 345, 351 (W. Va. 1988). West Virginia law governs the Court's interpretation or application of American Select's policy, which was issued to Taylor in West Virginia. *Id.*

Liability insurance creates the insurer's duties to defend and to provide coverage, and the duty to defend is broader than the duty to provide coverage. *Aetna Casualty & Surety Co. v. Pitrolo*, 342 S.E.2d 156, 160 (W. Va. 1986). The insurer must defend its insured if the allegations "are reasonably susceptible of an interpretation" that the policy could cover the claims. *Id.* The insurer must defend all the claims if its policy could apply to any of them, but it "need not defend ... if the alleged conduct is entirely foreign to the risk insured against." *Horace Mann Ins. Co. v. Leeber*, 376 S.E.2d 581, 584 (W. Va. 1988).

Insurance coverage is a matter of law when material facts are undisputed. Syl. Pt. 1, *Tennant v. Smallwood*, 568 S.E.2d 10 (W. Va. 2002). An insurer may limit coverage. *Green v. Farm Bureau Mut. Auto Ins. Co.*, 80 S.E.2d 424, 426 (W. Va 1954). Clear insurance policy provisions are to be applied. Syl. Pt. 2, *West Virginia Fire & Cas. Co. v. Stanley*, 602 S.E.2d 483 (W. Va. 2004) (citation omitted). The only facts material to American Select's duties are its policy's words and the claims against Mr. Taylor in the underlying Florida action; both are undisputed. *Id.*

American Select's policy states that it could cover "compensatory damages for bodily injury or property damage for which an insured becomes legally liable because of an accident arising out of the ownership, maintenance or use of an automobile or trailer." The policy defines "automobile" as a "land motor vehicle of the private passenger, pick up or van type [... w]ith at least 4 loadbearing wheels; and [... w]ith a gross vehicle weight of less than 10,000 pounds; and [... [d]esigned mainly for use on public roads." Those policy terms are clear. Syl. Pt. 2, *Stanley*, 602 S.E.2d 483.

The Florida claims against Mr. Taylor arise solely from his alleged ownership of an ATV. American Select's policy does not define "all-terrain vehicle" or "ATV," but the term is used in ordinary speech to mean a "small, open motor vehicle having one seat and three or more wheels fitted with large tires[,] ... designed chiefly for recreational use over roadless, rugged terrain." *The American Heritage Dictionary*, http://education.yahoo.com/reference/dictionary/entry/all-terrain +vehicle.

The ATV at issue was not an "automobile" designed mainly for use on public roads, as defined in American Select's policy. Nor, "having one seat," was it a passenger vehicle. *American Heritage Dictionary*. Unlike an "automobile," the ATV was "designed chiefly for ... use over roadless ... terrain." *Id*. The Court concludes that the ATV does not meet American Select's policy's unambiguous requirements for coverage of an "automobile." Syl. Pt. 1, *Tennant*, 568 S.E.2d 10; Syl. Pt. 2, *Stanley*, 602 S.E.2d 483.

Even if the ATV were an "automobile," American Select's policy excludes coverage for "automobiles" owned by the insured but not insured under the policy. Where American Select's policy covered only a 1973 Jeep, the Court concludes that the policy could not cover the ATV. Syl. Pt. 1, *Tennant*, 568 S.E.2d 10; Syl. Pt. 2, *Stanley*, 602 S.E.2d 483; *Green*, 80 S.E.2d at 426. Mr.

5

Taylor's failure to appear in this action corroborates American Select's allegation that he has not cooperated with American Select with respect to the Florida action and supports American Select's assertion that it has no duty to him. Syl. Pt. 1, *Tennant*, 568 S.E.2d 10; Syl. Pt. 2, *Stanley*, 602 S.E.2d 483; *Leeber*, 376 S.E.2d at 584.

The Court concludes that American Select's policy could not, as a matter of law, cover Mr. Taylor's alleged liability for ownership of an ATV. Syl. Pt. 1, *Tennant*, 568 S.E.2d 10; Syl. Pt. 2, *Stanley*, 602 S.E.2d 483. Because the policy could not cover the insured's alleged liability, the Court concludes that American Select is entitled to summary and default judgment as a matter of law, that it has no duty to defend or indemnify Mr. Taylor with respect to the Florida plaintiff's claims. *Leeber*, 376 S.E.2d at 584; Fed. R. Civ. P. 55(b)(2), 56(c).

## V. CONCLUSION

For these reasons, American Select's Policy issued to Timothy Mark Taylor could not cover the claims of Terry Roberts, Personal Representative of the Estate of Donald Edward Roberts, Jr., a Minor, Deceased. American Select has no duty to defend or indemnify Mr. Taylor with respect to those claims. The Court **GRANTS** American Select's motion for summary and default judgment, docket 5, and **DISMISSES** this action, with prejudice. It is so **ORDERED**.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to counsel of record.

Dated: *August 31*, 2006.

Robert E. Maxwell,
United States Senior District Judge